UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA LIZ JOUBERT
MALDONADO,

    Plaintiff,

v.                                                  Case No: 8:20-cv-202-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff's attorney, Dax J. Lonetto, Sr., moves the court to award $10,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). (Motion, Dkt. 24.) At the court's direction, Attorney Lonetto supplemented the Motion and amended his requested § 406(b) fees to $9,193.85. (Dkts. 25, 26.) Defendant has not responded to the Motion or supplement, and the time to do so has passed. Upon consideration, Attorney Lonetto's Motion is granted in part as amended by his supplement.

## BACKGROUND

On January 27, 2020, Plaintiff filed a complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On September 13, 2021, the court entered an order reversing and remanding the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and rendering judgment in favor of Plaintiff. (Dkt. 22.) On remand, the Commissioner

issued a favorable decision finding Plaintiff disabled as of June 1, 2014. (Dkt. 24 at 15–19.) From Plaintiff's award of past-due benefits, the Social Security Administration (SSA) withheld $14,024.25, which is 25 percent of Plaintiff's past-due benefits, for the payment of Plaintiff's legal fees. (*Id.* at 17.)

In the Motion, Attorney Lonetto initially sought an award of $10,000 pursuant to 42 U.S.C. § 406(b) and a contingency fee agreement with Plaintiff. (Dkt. 24.) However, Plaintiff's contingency fee agreement required that, following the entry of judgment in Plaintiff's favor, Attorney Lonetto timely move for an award of fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (*Id.* at 24.) Attorney Lonetto failed to file an EAJA fee petition. The court therefore directed Attorney Lonetto to supplement his Motion to advise the court as to what amount Plaintiff would have sought in EAJA fees had a timely petition been made. (Dkt. 25.) Attorney Lonetto thereafter supplemented the Motion and represented that "[i]n consideration of his motion for 406(b) fees, [he] took into account a one month delay he caused and that [he] did not file for EAJA fees[,] which would have offset the amount of 406(b) fees." (Dkt. 26 at 1.) However, Attorney Lonetto represented that he "did not calculate an actual amount that would have been requested under EAJA at that time," but that reducing his fee by $4,024.25 "is what [he] felt would have roughly been awarded in EAJA fees and accounted for the additional month delay." (*Id.* at 1–2.) Nevertheless, in actually calculating a projected amount of a EAJA fees and accounting for his one-month delay, Attorney Lonetto now seeks $9,193.85 in §

406(b) fees. (*Id.* at 3.) Defendant has not responded to either the Motion or the supplement.

## APPLICABLE STANDARDS

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The single "boundary line" to which courts must adhere is that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* For fees sought within the "25 percent boundary," a movant must show "that the fee sought is reasonable for the services rendered." *Id.*

## ANALYSIS

As amended, Attorney Lonetto seeks a contingency fee award of $9,193.85 for time spent on this matter. (Dkt. 24.) Attorney Lonetto argues that the requested fee should be approved pursuant to the contingency fee agreement with Plaintiff and that

he has spent a total of 24.2 hours litigating this matter on Plaintiff's behalf. (*Id.* at 10–12.)

As noted above, Attorney Lonetto did not previously seek nor was he awarded any fees pursuant to the EAJA. Nevertheless, Attorney Lonetto estimates that had a timely petition been filed, he would have been awarded $3,842.60 in EAJA fees. (Dkt. 26 at 2); *see Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (quotation omitted). Section 406(b)(2) further makes it a misdemeanor for "[a]ny attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which [§ 406(b)(1)] is applicable any amount in excess of that allowed by the court thereunder." 42 U.S.C. § 406(b)(2). The amount of § 406(b) fees to which Attorney Lonetto is entitled should therefore be reduced by at least $3,842.60. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.").

In assessing the reasonableness of a § 406(b) fee, courts consider whether the retainer agreement contains a fee agreement and whether the sum requested is less

than 25 percent of the awarded retroactive benefits. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FtM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under § 406(b) because the plaintiff agreed to pay his counsel 25 percent of any awarded retroactive benefits under the retainer agreement and the sum requested was less than 25 percent of the awarded retroactive benefits). Courts also consider "the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808.

Pursuant to the contingency fee agreement, Plaintiff agreed to pay her attorney 25 percent of the amount of past-due benefits Plaintiff was awarded by the SSA (Dkt. 24 at 21), and the requested fee of $9,193.85 is less than that amount (*id.* at 17). Counsel's representation of Plaintiff further resulted in this court's order reversing and remanding the case back to the Commissioner, and the Commissioner subsequently entered a decision in Plaintiff's favor. (Dkt. 22; Dkt. 24 at 15–19.) Attorney Lonetto concedes that he caused a one-month delay in filing Plaintiff's brief in this matter, and has reduced the requested fee by $987.80 to account for that delay. (Dkt. 22 at 12; Dkt. 24 at 3); *see Gisbrecht*, 535 U.S. at 808 ("If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.").

Further, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order." *Gisbrecht*, 535 U.S. at 808.

However, this factor alone does not provide a sufficient basis for reducing the requested fee figure. *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) ("*Gisbrecht* expressly rejected exclusive use of the lodestar method to assess the reasonableness of attorney's fees [and] the district court's reliance on only the lodestar method was an abuse of discretion."). Upon consideration, the court finds that the requested contingency fee here is not unreasonable, and indeed, courts in this district have approved contingency fees that exceed the de facto hourly rate requested by Plaintiff's attorney (approximately $380 per hour). *See, e.g.*, *Couture v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-2428-CPT, 2021 WL 3665854, at *4 (M.D. Fla. Aug. 18, 2021) (approving de facto hourly rate of approximately $1,390); *Amador v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2–3 (M.D. Fla. May 28, 2019) (approving de facto hourly rate of approximately $1,300 after reimbursement of the EAJA fee, and collecting cases); *Peterson v. Comm'r of Soc. Sec.*, No. 6:16-cv-948-Orl-40GJK, 2018 WL 3650034, at *2 (M.D. Fla. June 19, 2018) (approving a de facto hourly rate of approximately $2,000).

## CONCLUSION

Accordingly:

1. Attorney Dax J. Lonetto, Sr.'s Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) is **GRANTED in part**.

2. The court approves the attorney's fees requested by counsel as amended in his supplement (Dkt. 26) as reasonable. Plaintiff's attorney, Dax J.

Lonetto, Sr., is awarded $9,193.85 in fees to be paid from Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b).

**ORDERED** in Tampa, Florida, on February 20, 2024.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record